TROY LAW, PLLC
John Troy (JT 0481)
Aaron Schweitzer (AS 6369)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff and proposed FLSA Collective*

**Case No. 20-cv-05279**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

YUANYI XIA,
*on his own behalf and on behalf of others similarly*
*situated*

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION**
**CLASS ACTION**

                                        Plaintiff,
                        v.

DOLAA INC. d/b/a Dolaa;
MING HUA LIU
        a/k/a Minghua Liu, and
SU LI
        a/k/a Mickey Li

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

                                        Defendants.
-----------------------------------------------------------------x

        Plaintiff YUANYI XIA (hereinafter referred to as Plaintiff), on behalf of himself and

others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this

complaint against Defendants DOLAA INC.; MING HUA LIU a/k/a Minghua Liu, and SU LI

a/k/a Mickey Li, and alleges as follows:

**INTRODUCTION**

        1.      This action is brought by the Plaintiff YUANYI XIA, on behalf of himself as

well as other employees similarly situated, against the Defendants for alleged violations of the

Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law

(NYLL), arising from Defendants' various willful, malicious, and unlawful employment

policies, patterns and practices.

        2.      Upon information and belief, Defendants have willfully, maliciously, and

intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern

and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages, and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to NYLL and Section 142 of Title 12 of the New York Codes, Rules, and Regulations (the "Wage Order") that he is entitled to recover from the Defendants: (1) unpaid wages, and unpaid overtime compensation, (2) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) 9% simple prejudgment interest provided by NYLL, (6) post-judgment interest, and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was hired in Queens, New York, and some of the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      From on or about December 15, 2019 to April 02, 2020, Plaintiff YUANYI XIA was employed by Defendants to work as a Driver in New York and to work for DOLAA INC. located at 40 Brunswick Ave., Apt. 104, Edison, NJ 08817.

## DEFENDANTS

### *Corporate Defendant*

8.      Defendant DOLAA INC. d/b/a Dolaa is a foreign business corporation organized under the laws of the State of New Jersey with a principal address at 8 Olsen Avenue, Edison, NJ 08820.

9.      DOLAA INC. d/b/a Dolaa is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10.      DOLAA INC. d/b/a Dolaa purchased and handled goods moved in interstate commerce.

### *Owner/Operator Defendants*

11.      The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

12.     MING HUA LIU a/k/a Minghua Liu known as Owner to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at DOLAA INC. d/b/a Dolaa.

13.     MING HUA LIU a/k/a Minghua Liu acted intentionally and maliciously and is an employer pursuant to NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DOLAA INC. d/b/a Dolaa.

14.     MING HUA LIU a/k/a Minghua Liu hired Plaintiff YUANYI XIA.

15.     MING HUA LIU a/k/a Minghua Liu paid Plaintiff YUANYI XIA.

16.     MING HUA LIU a/k/a Minghua Liu fired Plaintiff YUANYI XIA.

17.     SU LI a/k/a Mickey Li known as Owner to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at DOLAA INC d/b/a Dolaa.

18.     SU LI a/k/a Mickey Li acted intentionally and maliciously and is an employer pursuant to NYLL § 2 and the regulations thereunder, and is jointly and severally liable with DOLAA INC d/b/a Dolaa.

## **STATEMENT OF FACTS**

19.     At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

20.     At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their

regular rate of pay for all hours worked over forty (40) in a given workweek.

21.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

22.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

23.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

24.     At all relevant times, Defendants knowingly, willfully, and maliciously failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

25.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

26.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff YUANYI XIA

27.     From on or about December 15, 2019 to April 02, 2020, Plaintiff YUANYI XIA was employed by Defendants to work as a Driver at DOLAA INC. d/b/a Dolaa.

28.     In his job, Plaintiff YUANYI XIA was usually responsible to drive a large amount of groceries from a state to another.

29.     From on or about to December 15, 2019 to April 02, 2020, Plaintiff YUANYI XIA's schedule is irregular with an unfixed schedule which varied widely.

30.     From on or about to December 15, 2019 to April 02, 2020, Plaintiff YUANYI XIA on average drives around twelve (12) hours per day for six (6) to seven (7) consecutive days per week.

31.     From on or about to December 15, 2019 to April 02, 2020, Plaintiff YUANYI XIA, Plaintiff worked for a total of approximately seventy-eight (78) hours a week.

32.     At all relevant times, Plaintiff YUANYI XIA did not have a fixed time for lunch or for dinner.

33.     Around half of the time, Plaintiff YUANYI XIA drove alone and another half of the time, Plaintiff YUANYI XIA drove with a co-driver.

34.     At all relevant times, when Plaintiff YUANYI XIA drove with a co-driver, Plaintiff's pay would be split in half between Plaintiff and another co-driver.

35.     From on or about to December 15, 2019 to April 02, 2020, Plaintiff was paid around six thousand dollars ($6,000) per month.

36.     At all relevant times, Plaintiff YUANYI XIA was not paid overtime pay for overtime work.

37.     At all relevant times, Plaintiff YUANYI XIA was never informed of his hourly pay rate.

38.     Throughout his employment, Plaintiff YUANYI XIA was not given a statement with his weekly payment reflecting employee's name, employer's name,

employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

39.     Throughout his employment, Plaintiff YUANYI XIA was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

40.     Up to date, Plaintiff YUANYI XIA is still owed around five thousand two hundred and forty dollars ($5,240).

41.     Throughout his employment, Plaintiff YUANYI XIA was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Unpaid Wages/ Untimely Payment of Wages Brought on behalf of the Plaintiff and the FLSA Collective]**

43.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44.    "While the FLSA does not statutorily prescribe a particular payment schedule, courts have consistently interpreted Section 206(a) of the FLSA to require the prompt payment of wages." *Gaughan v. Rubenstein*, 261 F. Supp. 3d 380, 425–26 (S.D.N.Y. 2017) (citing *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 353 (S.D.N.YT. 2014); *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 57 (2d Cir. 1998) ("[I]t is clear that the FLSA requires wages to be paid in a timely fashion.").

45.    Defendants unlawfully withheld $5,240 in wages from Plaintiff.

46.    Defendants have continued to withhold Plaintiff's pay despite her complaints and requests to be paid.

47.    Section 216 of the FLSA provides that "[a]ny employer who violates the provisions of section 206… of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

48.    Despite Plaintiff's complaints and Defendants' knowledge of the provisions of the FLSA, Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Gonzalez her wages timely.

## COUNT II.
### [Violation of New York Labor Law—Unpaid Wages]

49.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50.    Section 191.1, Subsection (d) of the NYLL provides that "a clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but

not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

51.    Defendants unlawfully withheld $5,240 in wages from Plaintiff.

52.    Defendants have continued to withhold Plaintiff's pay despite his complaints and requests to be paid.

53.    Section 198, Subsection 1-a of the NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law in rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

54.    Despite Plaintiff's complaints and Defendants' knowledge of the provisions of the NYLL, Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay Gonzalez her wages timely.

### COUNT III.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]**

55.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

57.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

58.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

59.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

60.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

61.     Defendants willfully and maliciously failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

62.     Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime ]

63.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

64.      An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

65.      At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

66.      Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

67.      Defendants' failure to pay Plaintiff was not in good faith.

**COUNT V.**
**[Violation of New York Labor Law—Failure to Keep Records ]**

68.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.      Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

70.      As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

71.      Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

72.      Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VI.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice ]**

73.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

75.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

76.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

77.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII.
**[Violation of New York Labor Law—Failure to Provide Wage Statements ]**

78.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

80.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

81.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent

to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

       d)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

       e)     An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

       f)     An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

       g)     An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

       h)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

       i)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

       j)     An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to overtime compensation, pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)      The cost and disbursements of this action;

m)      An award of prejudgment and post-judgment fees;

n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York
November 2, 2020                    TROY LAW, PLLC
                                    *Attorneys for the Plaintiff and proposed FLSA*
                                    *Collective*
                                    /s/ John Troy_____
                                    John Troy (JT0481)
                                    Aaron Schweitzer (AS 6369)